■    In the Matter of KENT NURSING HOME, Respondent, v OFFICE OF THE SPECIAL STATE PROSECUTOR FOR HEALTH AND SOCIAL SERVICES, Appellant.— In a proceeding to quash a certain subpoena dated April 28, 1975, which directs petitioner, by Anna Severino, to appear for examination before Charles J. Hynes, Deputy Attorney-General of the State of New York, and to produce at that examination the books and records referred to therein, the appeal is from an order of the Supreme Court, Westchester County, entered May 27, 1975, which granted the application. Order reversed, on the law, with $20 costs and disbursements, and application denied; proceeding remanded to Special Term to fix the time and place of the examination to be held pursuant to the subpoena. The books and records described in the subpoena are required to be kept by petitioner, Kent Nursing Home, in compliance with section 2803-b of the Public Health Law and 10 NYCRR 730.6. Therefore, petitioner cannot avoid production thereof on the theory that their contents tend to incriminate Anna Severino and her partner in their operation of the nursing home. By virtue of the above statutory provisions and regulations, petitioner, as a licensed nursing home, must keep those books and records available for public inspection by duly authorized public officials (cf. *Shapiro v United States,* 335 US 1, 5; also see, *Matter of Lewis v Hynes,* 82 Misc 2d 256) Moreover, Severino, as one of the partners operating petitioner, cannot avoid the production of the books and records on the theory that the production thereof would personally incrimi-

nate her, since those books and records belong to the collective entity Kent Nursing Home (cf. *Bellis v United States,* 417 US 85, 88; see, also, *Matter of Lewis v Hynes, supra).* The appointment of appellant Hynes, as Deputy Attorney-General to conduct a criminal investigation as to unlawful practices in the operation of nursing homes in New York State, was permissible and appropriate under section 63 of the Executive Law (cf. *Matter of Di Brizzi,* 303 NY 206, 214–215; see, also, *Matter of Lewis v Hynes, supra).* That appointment furthers the public policy of this State to protect the elderly, infirm and disabled persons who have been entrusted to the care of nursing homes *(Uzzillia v Commissioner of Health of State of N. Y.,* 47 AD2d 492). Because of the large number of books and records required to be produced pursuant to the subpoena, we have directed that Special Term shall expeditiously fix the time and place for the examination and we note that in *Matter of Lewis v Hynes (supra),* Special Term provided for the examination of the extensive materials involved therein at the place of business of the petitioner nursing home because of the expense and burden of transporting the material to the office of Deputy Attorney-General Hynes. Rabin, Acting P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.