■ In the Matter of Sol Genuth, Appellant, v Charles J. Hynes, as Deputy Attorney-General of the State of New York, Respondent.—In a proceeding to quash a certain subpoena duces tecum, petitioner appeals from an order of the Supreme Court, Suffolk County, dated March 4, 1976, which dismissed the petition. Order affirmed, with $50 costs and disbursements. Petitioner Sol Genuth is the administrator of the Ross Nursing Home, which is owned and operated by a partnership. He was served with a subpoena, addressed to "Sol Genuth, Administrator, Ross Nursing Home", which called for the production of certain books and records of the nursing home before the Grand Jury on November 10, 1975. On his appeal from Special Term's denial of his motion to quash, he argues solely that CPLR 310 and 318 require that a partner or an agent designated by the partnership, be served in order to gain jurisdiction over the home and to compel the production of its books and records. A nursing home is not a family business, but falls within the definition of a hospital (*Matter of Kent Nursing Home v Office of Special State Prosecutor for Health & Social Servs.*, 49 AD2d 616, affd 38 NY2d 260, 268). Petitioner's argument on appeal ignores the fact that the subpoena duces tecum calls for the production of records before the Grand Jury. His claim that he does not possess the documents may be made when he appears before that body and may be tested on a motion to punish for contempt. The motion to quash was therefore properly denied. Hopkins, Acting P. J., Martuscello, Margett, Damiani and Hawkins, JJ., concur.