■ In the Matter of SUSAN SRETER, Doing Business as NASSAU NURSING HOME, Appellant. CHARLES J. HYNES, Individually, and as the Deputy Attorney-General of the State of New York and as Director of the Office of the Special State Prosecutor for Health and Social Services, Respondent.—In a proceeding to quash a subpoena duces tecum, the appeal is from a judgment of the County Court, Nassau County, dated July 2, 1976, which

denied the application. Judgment affirmed, without costs or disbursements. The books and records described in the subpoena are required to be kept by petitioner in compliance with sections 2803 and 2803-b of the Public Health Law and 10 NYCRR 730.6. Petitioner cannot avoid production thereof on the theory that their contents tend to incriminate her (see *Matter of Kent Nursing Home v Office of Special State Prosecutor for Health & Social Servs.,* 49 AD2d 616, affd 38 NY2d 260). Petitioner must make the required records available for public inspection by duly authorized public officials whether she operates the nursing home as a partnership or as the sole proprietor (see *Shapiro v United States,* 335 US 1; *Lap v Office of Special State Prosecutor for Health & Social Servs.,* NYLJ, May 28, 1976, p 10, col 4). We have examined appellant's other contentions and find them to be without merit. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.