■ In the Matter of ALTON E. BARLOW, Doing Business as CEDARS NURSING HOME, MOONGATE NURSING HOME and CANTON NURSING HOME, Appellant, v CHARLES J. HYNES, as Special Deputy Attorney-General, Respondent.—Appeal from an order of the Supreme Court, entered December

2, 1976 in St. Lawrence County, which denied petitioner's motion to quash certain subpoenas duces tecum. The St. Lawrence County Grand Jury has issued two subpoenas requiring petitioner Alton Barlow to bring before it certain records of the Moongate, Canton and Cedars Nursing Homes. Barlow owned the Canton home until it closed in 1973, and presently owns the Moongate and Cedars homes. He seeks to quash the subpoenas on the ground they violate his privilege against self incrimination. The documents in question were required to be kept (Public Health Law, § 2803-b; 10 NYCRR 730.6), so that the undeniable public interest in the operation of nursing homes might be guarded. Production of such documents may be compelled without violating Barlow's privilege against self incrimination (*Matter of Kent Nursing Home v Office of Special State Prosecutor for Health & Social Servs.*, 49 AD2d 616, affd *sub nom. Matter of Sigety v Hynes*, 38 NY2d 260; cf. *Shapiro v United States*, 335 US 1). Petitioner would distinguish the *Matter of Kent* case *(supra)* as not involving a Grand Jury subpoena. The distinction is untenable since the danger of self incrimination is no less in cases such as *Matter of Kent* where the Special Prosecutor issued the subpoena under his own authority. Neither is a different result required because Barlow is a sole proprietor *(Matter of Sigety v Hynes, supra*, p 268). Because we find no privilege, it is unnecessary to rule on the Special Prosecutor's assertion that the motion to quash was premature since, should petitioner be indicted through the Grand Jury's use of privileged documents, he could move to dismiss pursuant to CPL 190.40 and 210.20. Order affirmed, with costs. Koreman, P. J., Greenblott, Kane, Mahoney and Herlihy, JJ., concur.