Joseph J asp an, J.
The corporate defendant moves to dismiss the indictment against it upon the ground that it was denied the opportunity to appear before the Grand Jury to which the case against it was presented. The request was made by counsel in a letter to the District Attorney dated January 17, 1977 which stated, in part, that "we represent Sterling Chevrolet and Robert P. Fleisher, and their agents and employees relative to the criminal charges presently being submitted to a Grand Jury of this county by your office, in which all or some of them are prospective defendants”.
The issue presented is whether a corporation must be granted the right to appear and testify in accordance with the provisions of CPL 190.50 (subd 5). That subdivision reads as follows:
"Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision:
"(a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent”.
If the corporation is a person within the meaning of this statute, the indictment is invalid and the motion must be granted (CPL 190.50, subd 5, par [c]).
While a corporation has been held to be a person (People v Perretta 253 NY 305, 309) and as such entitled to equal protection of the laws, subdivision 7 of section 10.00 of the Penal Law imposes a relevant limitation. It defines "person” as a human being and where appropriate a public or a private corporation.
An inanimate corporation cannot testify although it may direct others to act for it. Accordingly, it cannot be embraced within the provisions of CPL 190.50. Its remedy is to request the foreman of the Grand Jury to call designated persons as witnesses, but the request need not be granted (CPL 190.50, subd 6) and a failure to comply does not render the indictment invalid.
*643 This construction has a significant counterpart.
The Fifth Amendment to the United States Constitution provides: "No person * * * shall be compelled in any criminal case to be a witness against himself’ (emphasis added).
Notwithstanding the many cases which hold a corporation to be a person, the Fifth Amendment has no application to collective entities (Beilis v United States, 417 US 85, and cases cited therein). (See, also, Matter of Kent Nursing Home v Office of Special State Prosecutor for Health & Social Servs., 49 AD2d 616, affd 38 NY2d 260; Matter of Sigety v Hynes, 38 NY2d 260.)
The motion to dismiss the indictment is therefore denied.