■ In the Matter of CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, Respondent, v CHARLES E. SIGETY, Doing Business as FLORENCE NIGHTINGALE NURSING HOME, Appellant.—Order, Supreme Court, New York County, entered on or about August 4, 1977, affirmed on the opinion of McQuillan, J., at Trial Term. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur—Silverman, Lane and Markewich, JJ.; Kupferman, J. P., dissents in the following memorandum. Inasmuch as the respondent-appellant had a right legitimately to question the powers of the Deputy Attorney-General to issue subpoenas under subdivision 8 of section 63 of the Executive Law, and the matter was not entirely free from doubt (see *Matter of Sigety v Hynes*, 38 NY2d 260, revg 49 AD2d 700, and affg 49 AD2d 616), the only question we have is whether the respondent-appellant was being contumacious in refusing to produce the records for 1970-1971. If there is any doubt, the penalty

imposed under CPLR 2308 of committing him to jail is a severe one. The petitioner proved only possession of the records at the end of 1974. The respondent-appellant produced five witnesses to explain why the records were not currently available. I cannot myself come to a definitive conclusion as to whether they really are in existence. Under the circumstances, the determination really depends on where the burden lies, and this proceeding, while civil, being akin to criminal in all but name, the determination should be reversed.